**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GUANGLI ZHANG, *et al.*,**<br>**Plaintiffs,**<br>**v.**<br>**YANCHUN BAO, *et al.*,**<br>**Defendants.** | **Civil No. 1:26-cv-01108 (APM)** |

**ORDER**

This is one of several cases brought by pro se Plaintiffs Guangli Zhang, Chengshuo Zhang, and Shanshuo Zhang arising from the claimed "kidnapp[ing]" of two infants as to whom Guangli Zhang claims to be "the sole legal guardian." Compl., ECF No. 1 [hereinafter Compl.], at 9; *see Zhang v. Hotel Fortune*, 25-cv-2016 (APM); *Zhang v. Dixon*, 26-cv-1689 (JEB); *Zhang v. New York ACS*, 26-cv-3093 (APM). This time, Plaintiffs allege that various health care providers accepted insurance to treat "the infant" without "verifying the identity of the legal guardian—and disclosed the infant's private personal information to [a] criminal." *Id.* The defendant health care providers are Long Island Jewish Medical Center ("LIJMC"), Molina Healthcare of New York, Inc., and Healthfirst ("Entity Defendants"). Plaintiffs also sue individual defendant Yanchun Bao for purportedly "impersonat[ing] a legal guardian to obtain medical insurance for two infants" and participating in "the kidnapping of two infants." *Id.* at 10. In nearly identical attachments to their complaint, each titled "Indictment," Plaintiffs identify the jurisdictional basis for their suit and cite a host of criminal statutes that a Defendant is alleged to have violated. Compl., Ex., ECF No. 1-1 [hereinafter Compl. Ex.]. Plaintiffs seek as relief "fines" totaling over $2 billion, revocation of the

Entity Defendants' licenses, and a sentence of "death" for Bao and "those responsible." Compl. at 11. Bao and Entity Defendants seek dismissal of the suit. *See* Def. Bao Mot. to Dismiss, ECF No. 5; Def. LIJMC Mot. to Dismiss, ECF No. 7; Def. Molina Mot. to Dismiss, ECF No. 16; Def. Healthfirst Mot. to Dismiss, ECF No. 19.

The court agrees that dismissal is warranted for two reasons. First, the court lacks personal jurisdiction as to any Defendant. Plaintiffs have not plausibly alleged general or specific jurisdiction as to any of them. Just as in an earlier suit whose dismissal the D.C. Circuit affirmed for lack of personal jurisdiction, Plaintiffs here "provided New York addresses for these [Defendants], most or all of their alleged actions occurred in New York, and [Plaintiffs] have not shown that personal jurisdiction was warranted in light of D.C. Code § 13-422 . . . or any other provision or authority." *Zhang v. Hotel Fortune*, No. 25-7177, 2026 WL 2167515, at *1 (D.C. Cir. July 20, 2026); *see also Zhang v. Hotel Fortune*, No. 25-7177, 2026 WL 1179486, at *1 (D.C. Cir. Apr. 28, 2026); Compl. at 7–8 (listing New York addresses of Defendants), 9–10 (alleging conduct that seemingly occurred in New York).

Second, Plaintiffs have failed to state a claim. The crux of Plaintiffs' complaint appears to be Entity Defendants' unauthorized medical treatment of the "kidnapped" infants and their acceptance of health insurance fraudulently obtained by Bao. Compl. at 9–10. The Complaint does not, however, identify any claims, and the "Indictments" almost exclusively cite to criminal statutes as to which there are no private rights of action. *See, e.g.,* Compl. Ex. at 3–9, 13–18. The "Indictments" do make passing mention of Section 1983, *see, e.g.*, at 2, 11, but such bare references cannot state a claim, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

For the foregoing reasons, Defendants' motions to dismiss, ECF Nos. 5, 7, 16, 19, are granted.[1] Plaintiffs' motions for appointment of counsel, ECF Nos. 4, 34, and "motion and notice of addition of charges," ECF No. 10, are denied.

This action is hereby dismissed. This is a final, appealable order.

Dated: October 23, 2026

Amit P. Mehta
United States District Judge

[1] Plaintiffs named one additional defendant—Emblem Health—that has not yet appeared. *Sua sponte* dismissal of Emblem is appropriate because, like other Defendants, it is "patently obvious" that Plaintiffs cannot "prevail[] on the facts alleged in [their] complaint." *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Cherry-El v. Blount*, No. 25-7117, 2026 WL 972979, at *1 (D.C. Cir. Jan. 30, 2026) (citing *Baker* and affirming dismissal where "it [was] not sufficiently clear from [the plaintiff's] complaint what allegedly happened or what particular conduct by [the defendants] allegedly violated federal law"). Having disposed of all claims against all Defendants, the court will enter a final order.